```
              THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DANIELLE GREEN, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-1259 (JBS) |
| v. | |
| COUNTY OF GLOUCESTER, et al., | **OPINION** |
| Defendants. | |

**APPEARANCES:**

Derek R. Layser, Esq.
LAYSER & FREIWALD, PC
216 Haddon Avenue
Suite 100
Westmont, NJ 08108
    Attorney for Plaintiff

Karen A. McGuinness, Esq.
BROWN & CONNERY, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108
    Attorney for Defendants County of Gloucester, Gloucester
    County Board of Chosen Freeholders, Gloucester County
    Department of Correctional Services, Gloucester County
    Sheriff's Department, John Tevoli, W. Stanley Nunn, Frank J.
    DeMarco, and Robert Balicki

Nancy L. Siegel, Esq.
WHITE & WILLIAMS, LLP
Liberty View
457 Haddonfield Road
Suite 400
Cherry Hill, NJ 08002-2220
    Attorney for Defendant Prison Health Services, Inc.

**Simandle, District Judge:**

    This matter comes before the Court on the motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) by Defendants County of

Gloucester, Gloucester County Board of Chosen Freeholders, Gloucester County Department of Correctional Services, Gloucester County Sheriff's Department, John Tevoli, W. Stanley Nunn, Frank J. DeMarco, and Robert Balicki ("the County Defendants") and Defendant Prison Health Services, Inc., for Plaintiff's failure to timely serve process on them within the 120 days prescribed by Rule 4(m), Fed. R. Civ. P.[1]  For the reasons explained below, the Court shall exercise its discretion to grant an extension of time to Plaintiff and deny the motion to dismiss.

## I. BACKGROUND

Plaintiff is the wife of Mr. Barry Green, the Plaintiff in Green v. County of Gloucester, et al., Civ. No. 07-413 (JBS), a case currently pending before this Court.  Plaintiff alleges that her husband contracted a staph infection, MRSA, while incarcerated at the Gloucester County Correctional Facility and that she, in turn, contracted MRSA from him when he was released in 2004.  In her Complaint, she alleges that she began exhibiting symptoms of MRSA infection in March of 2005.  (Compl. at ¶ 2.)

---

[1] Initially, the County Defendants also moved to dismiss for failure to file the notice of tort claim required by New Jersey law.  In her opposition to the motion, Plaintiff explained that her surname had changed between when she filed the notice of tort claim and when she filed this Complaint.  Plaintiff attached proof of that timely notice of tort claim and Defendants have therefore withdrawn their motion to dismiss on that ground.  Therefore, the Court need only consider whether to dismiss this action pursuant to Rule 12(b)(5), for failure to serve Defendants within 120 days of commencing this action.

2

Pursuant to the New Jersey Tort Claims Act, Plaintiff filed a notice of tort claim with Gloucester County in April 2005, under her maiden name of Danielle Carter, in which she described her diagnosis with MRSA in March 2005, while pregnant, and the potential mental and physical health ramifications of her infection.  She also informed the County that she believed she acquired the infection from her then-boyfriend Barry Green, who had been incarcerated at the Gloucester County Jail in September of 2004.  (See generally Ex. B to Pl.'s Opp. to County's Mot.)

Plaintiff filed her Complaint in this matter on March 16, 2007.  However, she did not serve Defendants until August 29 and 30, 2007, approximately 170 days after filing her Complaint, or about fifty days beyond the time provided for under Rule 4(m). (See generally Exs. C & D to Pl.'s Opp. to County's Mot.)

On September 14, 2007 Prison Health Services requested and received the Clerk's extension of time to Answer. [Docket Item 2]. On September 18, the County Defendants filed this motion to dismiss [Docket Item 4], in lieu of an answer.  Prison Health Services filed its motion on October 1, 2007.  Although all Defendants have been properly, although not timely, served, they argue that the Court should dismiss the Complaint for failure to timely serve.  Defendants argue that Plaintiff has not shown good cause for her delay and that even though she would be time-barred by the applicable New Jersey statute of limitations from refiling

her Complaint, this Court should not exercise its discretion to extend her time for service, pursuant to Rule 4(m).

## II.  DISCUSSION

Rule 4(m) provides that service of process should be accomplished within 120 days of commencement of a civil action, but it also provides the District Court with authority to extend that time.

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). While the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, [it also] authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Fed. R. Civ. P. 4(m) advisory committee's note (1980). Thus, when determining whether to extend time to serve, the district court must (1) first, determine whether good cause exists for an extension of time and, (2) if no good cause exists, determine whether the court should nevertheless exercise its discretion not to dismiss the case.

4

See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1312 (3d Cir. 1995).  Thus, if good cause exists, the Court must grant the extension.  Otherwise, the Court may grant or deny the extension, in its discretion.

In this case, the Court finds Plaintiff has not established good cause for her delay in serving Defendants.  "In determining whether good cause exist, a court's 'primary focus is on the plaintiff's reasons for not complying with the time limit in the first place.'" Boley v. Kaymark, 123 F.3d 756 (3d Cir. 1997), cert. denied, 522 U.S. 1109 (1998) (quoting MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir.), cert. denied, 519 U.S. 815 (1995)).  In her opposition to these motions to dismiss, Plaintiff has set forth absolutely no explanation for her delay.  In that situation, there is no good cause.  See id.

However, even absent good cause, the Court must consider whether to extend the time for service and deny the motion to dismiss.  Petrucelli, 46 F.3d at 1307 (3d Cir. 1995) ("the district court must consider whether any other factors warrant extending time even though good cause was not shown").  Because the Court finds that extending Plaintiff's time and denying the motion to dismiss would not prejudice Defendants, who have been properly served, and because dismissing the Complaint even without prejudice would effectively bar Plaintiff's claim because the statute of limitations would have likely expired, the Court

shall exercise its discretion to grant the extension of time and deny the motion to dismiss.

Defendants claim that they would be prejudiced because Plaintiff's case requires discovery into additional facts not at issue in the multiple cases being litigated by inmates at the correctional facility.  However, this argument does not articulate prejudice so much as a reluctance to engage in litigation.  There is no indication that the lateness of Plaintiff's service has caused the loss of information or otherwise impacted Defendants' ability to defend themselves.  <u>Cf.</u> <u>Boley</u>, 123 F.3d at 759 (prejudice is defined by impact on ability to defend).  Nor could there be any real claim of prejudice from the delay.  Plaintiff had previously timely filed her notice of tort claim, putting all of the County Defendants on the requisite notice that this action would be forthcoming.  Further, Plaintiff timely filed this action.  Defendants' desire to completely preclude this litigation is not a basis for asserting prejudice; "prejudice 'involves impairment of defendant's *ability* to defend on the merits, rather than foregoing such a procedural or technical advantage'" as they seek by forcing Plaintiff to replead what would then be a potentially time-barred action.  <u>Boley</u>, 123 F.3d at 759 (quoting <u>Nat'l Union Fire Ins. Co. v. Barney Assoc.</u>, 130 F.R.D. 291, 294 (S.D.N.Y. 1990)).

Such a result would run contrary to the purposes of Rule 4(m). See Fed. R. Civ. P. 4(m) advisory committee's note (1993) ("relief [under Rule 4(m)] may be justified, for example, if the applicable statute of limitation would bar the refiled action"); see also Boley, 123 F.3d at 759.

Indeed, the Court finds that a factor weighing in favor of granting the extension is that the statute of limitations would prevent Plaintiff from timely refiling this action.  "District Courts have consistently interpreted Rule 4(m) in the same way, treating the running of the statute of limitations as a factor favoring the plaintiff and not as a basis for potential prejudice to the defendant."  Boley, 123 F.3d at 759.

Although the Court recognizes that other factors weigh against granting Plaintiff the extension, including that her delay was well beyond the 120-day period and that she failed to request an extension prior to this motion to dismiss, see McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 196-197 (3d Cir. 1998), the Court finds that her neglect was not willful and that her dilatoriness in effectuating proper service is somewhat mitigated by her timely notice of tort claim, at least as to the County Defendants.  Although it is more than clear that there was no good cause for the delay, in the absence of any creditable claim of prejudice, and in the face of a statute of limitations that would preclude Plaintiff's subsequent attempt to

7

refile this action, the Court finds that an exercise of discretion in favor of Plaintiff is warranted, pursuant to Rule 4(m).

## III. CONCLUSION

For the foregoing reasons, the Court shall deny the motion to dismiss Plaintiffs' Complaint based on a failure to serve Defendants within 120 days of commencement of the action.  An appropriate Order shall be entered.


**December 17, 2007**                              **s/ Jerome B. Simandle**
Date                                               Jerome B. Simandle
                                                   U.S. District Judge